Jessica Schultz, WSBA #42540
NORTHWEST JUSTICE PROJECT
157 S. Howard St., Suite 405
Spokane, WA 99201
Tel. (509) 324-9128; fax (206) 299-3185

Scott Crain, WSBA#37224
NORTHWEST JUSTICE PROJECT
401 Second Ave. S #407
Seattle, WA 98104
Tel. (206) 707-0900

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 0 1 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAURA WOOLLEY-REPP and TIMOTHY REPP, and<br><br>LAURA WOOLLEY-REPP and TIMOTHY REPP,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMBERLINE SUNSET MHC, LLC, and COMMONWEALTH PROPERTY MANAGEMENT SERVICES COMPANY,<br><br>Defendants. | NO. 2:25-cv-00101-TOR<br><br>COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT [31 U.S.C. § 3729 et. seq.], RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF<br><br>FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2) |

## I. INTRODUCTION

1. *Qui Tam* Plaintiffs, Laura Woolley-Repp and Timothy Repp, bring the following action under the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"),

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 1

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

unjust enrichment, violations of the Washington Manufactured/Mobile Home Landlord-Tenant Act, RCW 59.20 ("MHLTA"), breach of the duty of good faith and fair dealing, and violation of the Washington Consumer Protection Act ("CPA"), to quiet title in personal property pursuant to RCW 7.28.310, and for declaratory relief under RCW 7.24.010, by and through their attorneys, Jessica Schultz and Northwest Justice Project, against Defendants Timberline Sunset MHC, LLC and Commonwealth Property Management Services Company.

2.    Plaintiffs are low-income tenants of the Timberline Mobile Home Community Park ("the Park"), located at 19625 E. Wellesley Ave., Spokane Valley, WA 99027.

3.    Throughout this tenancy, Defendants unjustly enriched themselves and unlawfully overcharged Plaintiffs rent, creating an undue financial hardship. Defendants violated federal law by knowingly making false claims and representations to the federal government concerning the collection of rental assistance applied to Plaintiffs' rental account, which payments were greater than the amounts the federal government allowed Defendants to collect.

4.    Plaintiffs seek a statutory share of any awarded damages paid to the United States under the FCA, overpaid monies, expenses, costs, and reasonable attorneys' fees, in addition to all damages available under the rental agreement and common law. The United States is entitled to all remedies available under the FCA.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 2

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

## II.    PARTIES

5.    Plaintiff United States of America is *ex rel.* Laura Woolley-Repp and Timothy Repp.

6.    Plaintiffs Laura Woolley-Repp and Timothy Repp are a married couple, and low-income tenants of the Timberline Mobile Home Community Park ("the Park"), located at 19625 E. Wellesley Ave., Spokane Valley, WA 99027.

7.    Defendant Timberline Sunset MHC, LLC ("Timberline") is an active Washington limited liability company, doing business in Washington State.

8.    Defendant Timberline Sunset MHC, LLC is the owner of the Park.

9.    Defendant Commonwealth Property Management Services Company ("Commonwealth") is a foreign profit corporation registered to do business in Washington State.

10.    Defendant Timberline hired Defendant Commonwealth to oversee the management of the Park. At all times relevant hereto, Commonwealth acted as an agent for Timberline.

## III.    JURISDICTION and VENUE

11.    This court has original jurisdiction over the federal statutory claims pursuant to 31 U.S.C. §3732 and 28 U.S.C. § 1331.

12.    This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 3

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Defendants transact business in this District, the acts giving rise to the claims occurred in this District, and the property that is subject of this action is situated in this District.

## IV.   STATEMENT OF FACTS

14. Plaintiffs signed a 12-month lease on or around July 27, 2015, and commenced their tenancy at the Park in Lot #26 on or about August 1, 2015. Exhibit A, Rental Agreement.

15. This original Rental Agreement was for a term of one year, and by its terms expired on July 31, 2016.

16. Since executing this original Rental Agreement, Plaintiffs have never been offered another written lease at the Park, nor have they waived their right to a year-lease term in writing.

17. Plaintiffs therefore maintain a year-to-year rental agreement for Lot #26, which renews on August 1 of each year.

18. Concurrent with the execution of the original Rental Agreement for Lot #26, the parties also entered a contract for Plaintiffs to purchase the mobile home situated in Lot #26. Exhibit B, Mobile Home Purchase Agreement ("Purchase Agreement").

19. Pursuant to the terms of the Purchase Agreement, Plaintiffs made a

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 4

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

down payment of $3,000, followed by monthly installments of $300.

20.    On or around May 2016, Plaintiffs made their final payment on the Purchase Agreement, having fully paid the contract purchase price of $6,315.94.

21.    Section 2(b) of the Purchase Agreement stipulates that, "Seller will deliver to purchaser clear title upon payment in full."

22.    After the Purchase Agreement was paid in full, Plaintiffs reached out to several managers employed by Defendants and requested that this title transfer be completed.

23.    As of the filing of this suit, Defendants have never delivered title to the mobile home to Plaintiffs.

24.    In recent years, Plaintiffs have received numerous Pay or Vacate Notices regarding their tenancy at Lot #26. Each of these notices have contained accounting errors, and upon their receipt, Plaintiffs contacted Defendants to dispute these notices and to provide proof that they had in fact made the allegedly missing payments.

25.    On or around June 7, 2023, Defendants executed a "Rent Payment Agreement Form," applying for Eviction Rent Assistance Program (ERAP) funds to apply to Plaintiffs' rental account for Lot #26. Exhibit C, Rent Payment Agreement Form ("Payment Agreement").

26.    The funding sources for ERAP were a combination of federal CARES

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 5

Act Coronavirus Funds, and Washington State Disaster Relief Account Funds. In Washington State, this program was administered by the state Department of Commerce, which distributed this funding to local agencies that would then pay landlord applicants. Defendants submitted the Payment Agreement for this rental assistance to one such local agency, the American Indian Community Center ("AICC").

27. The Payment Agreement was signed by Commonwealth employee Anthony Feskins, and dated June 7, 2023.

28. In the Payment Agreement, Defendants requested rental assistance on Plaintiffs' behalf, claiming the rent had not been paid in September 2020; February 2021; June 2021; September 2021; November 2021; February 2022; March 2022; June 2022; October 2022; January 2023; February 2023; March 2023; May 2023; June 2023; July 2023; August 2023; and September 2023.

29. In fact, Plaintiffs had already paid rent to Defendants for many of these months, including September 2020; February 2021; September 2021; November 2021; March 2022; June 2022; October 2022; January 2023; and September 2023. Exhibit D, Proof of Plaintiff Payments 1.

30. Per the terms of the Payment Agreement, by accepting this rental assistance, Defendants agreed a.) no new late fees or additional charges would be made for the months covered; b.) not to increase the household rent for at least six

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 6

Northwest Justice Project
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

months; and c.) not to terminate the household's tenancy for at least six months.

31. Defendants received a check from the AICC for $5,650.00 dated June 24, 2023, for "Rent Arrears 2020-2023/Tim Repp." This check was posted and cleared the bank on July 13, 2023. Exhibit E, AICC Rent Assistance Check.

32. In a letter to Defendants dated June 21, 2023, AICC advised that this $5,650.00 check was intended to cover Plaintiffs' rental arrears and three months of future rent. Exhibit F, 6/21/23 Letter from AICC.

33. On or around September 19, 2023, Defendants issued Plaintiffs a notice that their rent would be increased to $625 effective January 1, 2024. Exhibit G, 2024 Rent Increase Notice.

34. Prior to this increase, Plaintiffs' rent amount had been $460 per month.

35. This rent increase notice indicated that Plaintiffs' new rent amount would be reduced by $100 per month if they made their payments through Defendants' online rental payment portal.

36. On or around July 9, 2024, Defendants issued Plaintiffs a 30-Day Notice to Pay Rent or Vacate the Premises. Exhibit H, 7/9/24 POV Notice (the "July Notice"). This Notice alleged Plaintiffs had unpaid rent for April and July 2016 (eight years prior to this Notice); February 2018; January 2019; February 2019; May 2019; October 2019; December 2019; January 2020; June 2022; August 2023; January 2024; March 2024; and April 2024. This Notice also included $520 in

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 7

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

charges for late fees and nonsufficient funds.

37.    In fact, Plaintiffs had paid rent to Defendants for several of the months listed in the July Notice. Exhibit I, Proof of Plaintiff Payments 2. For one of these months, June 2022, Defendants had actually already received full payment twice, from Plaintiffs and the AICC.

38.    At no point have Defendants indicated any intention to rescind the July Notice.

39.    On or around August 28, 2024, Defendants issued Plaintiffs a notice that their rent would be increased effective January 1, 2025. Exhibit J, 2025 Rent Increase Notice.

40.    This rent increase notice again indicated that Plaintiffs' rent would be lower if they made their payments through Defendants' online rent payment portal.

41.    On or around November 26, 2024, Defendant issued Plaintiffs yet another 30-Day Notice to Pay Rent or Vacate the Premises. Exhibit K, 11/26/24 POV Notice. This Notice claimed unpaid rent for August 2023, January 2024, March 2024, and April 2024.

42.    Plaintiffs are not behind on their rent. Due to the double payments made by Plaintiffs and the AICC for many months, in addition Plaintiffs' overpayments after their monthly rent was improperly raised, their rental account should reflect a positive balance of at least several hundred dollars.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 8

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

43.    As a result of Defendants' actions, Plaintiffs have sustained actual damages.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729 et seq.

44.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

45.    The False Claims Act, 31 U.S.C. § 3729 et seq., ("FCA") authorizes private individuals to file *qui tam* actions on the federal government's behalf against any entity that has knowingly presented a false or fraudulent claim to the government.

46.    Under the FCA any person who (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; or (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; is liable to the United States government for a civil penalty of not less than $5,000 and not more than $10,000 as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104–410 [1]), plus 3 times the amount of damages which the Government sustains because of the act of that person. 31 U.S.C. § 3729(a)(1)(A) & (B), as amended. See 28 C.F.R. § 85.5.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 9

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

47. As adjusted for inflation pursuant to 28 C.F.R. § 85.5, for violations of the FCA that occurred after November 2, 2015, and for penalties assessed after February 12, 2024, the civil penalties under the FCA are not less than $13,946 and not more than $27,894 per violation.

48. The FCA defines the terms "knowing" and "knowingly" as meaning, with respect to information, that a person "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or the falsity of the information," and "no proof of specific intent to defraud" is required. 31 U.S.C. § 3729(b).

49. The FCA defines a "claim" as "any request or demand, whether under a contract or otherwise, for money or property…[which] is made to a contractor, grantee, or other recipient" if the United States Government "provides or has provided any portion of the money or property requested or demanded," or if the Government "will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2).

50. Defendants, through their actions, knowingly presented or caused to be presented a false or fraudulent claim for payment or approval, in violation of 31 U.S.C. § 3729(a)(1)(A).

51. Defendants, through their actions, knowingly made, used, or caused to

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 10

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

be made or used, false records or statements material to false or fraudulent claims, in violation of 31 U.S.C. § 3729(a)(1)(B).

52.    On or around June 2023, Defendants requested and received federally funded rental assistance rent payments through and from the AICC, for months that the Plaintiffs had already paid and were not in default on their rent.

53.    The Rent Payment Agreement Form signed by Defendants made clear that the Defendants were requesting past due, unpaid rent. Therefore, their certifications to the United States were knowingly false within the meaning of and in violation of the FCA.

54.    The United States suffered damages as a result of violations of the FCA, because the money which the AICC disbursed for payment of rental assistance would not have been paid to the Defendants absent their false claims and misrepresentations.

55.    The United States sustained damages in the amount totaling $2,940 in overpaid rental assistance, which is the money that the United States paid to Defendants that would not have been disbursed had the AICC been aware of the Defendants' fraudulent violations of the Rent Payment Agreement Form.

56.    Pursuant to the FCA, Defendants are liable to the United States for a civil penalty of not less than $13,946 and not more than $27,894 for each violation that occurred after November 2, 2015. Defendants are also liable for three times the

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 11

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

amount of damages that the United States has suffered as a result of the Defendants' action.

57.    If the United States proceeds with this action, Plaintiffs are entitled to at least 15% but not more than 25% of the proceeds per 31 U.S.C. § 3730(d)(1). If the United States does not proceed with this action and Plaintiffs proceed on the government's behalf, Plaintiffs are entitled to not less than 25% and not more than 30% of the proceeds of this action. 31 U.S.C. § 3730(d)(2).

58.    Defendants are also responsible for the costs of this action under 31 U.S.C. § 3729(a)(3), and for attorneys' fees, expenses, and costs pursuant to 31 U.S.C. §3730(d).

## SECOND CLAIM FOR RELIEF: UNJUST ENRICHMENT

59.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

60.    Unjust enrichment occurs when: (1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment.

61.    Defendants were unjustly enriched when they unlawfully collected and retained rental assistance funds for rental payments which were already paid by Plaintiffs.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 12

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

62. Defendants have not returned this money to Plaintiffs.

63. Plaintiffs were damaged as the result of Defendants' conduct.

## THIRD CLAIM FOR RELIEF:
## DECLARATORY RELIEF UNDER RCW 7.24.010

64. Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

65. RCW 7.24.010 authorizes this court to declare the rights of parties.

66. Defendants violated Washington's Manufactured/Mobile Home Landlord-Tenant Act ("MHLTA") by failing to give proper notice of Plaintiffs' 2024 rent increase. This notice was given on September 19, 2023, and made effective January 1, 2024, in the middle of Plaintiffs' lease term and in violation of RCW 59.20.090(2). As such, this rent increase is unenforceable and the court should declare Plaintiffs' actual monthly rent to be $460, the amount it was prior to this purported raise.

67. Defendants further violated the MHLTA by failing to give proper notice of Plaintiffs' 2025 rent increase. This notice was given on August 28, 2024, and went into effect January 1, 2025, which was again in the middle of Plaintiffs' lease term and in violation of RCW 59.20.090(2). As such, this rent increase is unenforceable and the court should declare Plaintiffs' actual monthly rent to be $460, the amount it was prior to this purported raise.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT, RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, QUIET TITLE, UNJUST ENRICHMENT, AND FOR DECLARATORY RELIEF - 13

Northwest Justice Project
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

68.    Defendants have used erroneous Pay or Vacate Notices to harass Plaintiffs, threaten their housing stability, and attempt to extract extra monies from them for years.

69.    Plaintiffs are entitled to a declaration of their rights, including the proper balance on their rental account, the proper amount of their current monthly rent, and their right to no longer receive erroneous, misleading, or illegal notices regarding their rental accounting.

70.    Plaintiffs are entitled to their costs and fees for bringing this action under the terms of their rental agreement with Defendants.

**FOURTH CLAIM FOR RELIEF:**
**VIOLATION OF THE MANUFACTURED/MOBILE HOME**
**LANDLORD-TENANT ACT**
**RCW 59.20.090(2)**

71.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

72.    A landlord seeking to increase the rent upon expiration of the term of a rental agreement of any duration shall notify the tenant in writing three months prior to the effective date of any increase in rent. RCW 59.20.090(2).

73.    Defendants illegally increased Plaintiffs' rent amount from $460 to $525 in the middle of Plaintiffs' lease term, effective January 1, 2024.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 14

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

74.    As a result of this illegal rent increase, Plaintiffs overpaid a total of $780 for their 2024 rent.

75.    Defendants illegally increased Plaintiffs' rent amount from $460 to $560 in the middle of Plaintiffs' lease term, effective January 1, 2025.

76.    As a result of this illegal rent increase, Plaintiffs have overpaid a total of $300 for their 2025 rent, as of March 2025. This amount continues to increase each month Plaintiffs are charged and pay the illegally increased amount.

77.    Defendants are liable to Plaintiffs for the refund of all illegally collected overcharges.

## FIFTH CLAIM FOR RELIEF:
## BREACH OF THE COVENANT OF GOOD FAITH
## AND FAIR DEALING

78.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

79.    In addition to the statutory requirement of good faith contained in RCW 59.20.020, every contract contains an implied covenant of good faith and fair dealing.

80.    Defendants' repeated issuance of erroneous, misleading notices regarding Plaintiffs' rental account, improper increases of Plaintiffs' monthly rent amount, and application for and collection of rental assistance for months Plaintiffs had already paid, violate the covenants of good faith and fair dealing.

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 15

Northwest Justice Project
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

81.    As a result of Defendants' violation of the covenant of good faith and fair dealing, Plaintiffs have sustained damages.

## SIXTH CLAIM FOR RELIEF:
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

82.    Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

83.    The rental of the manufactured home lot Property is a consumer transaction as defined by the Washington Consumer Protection Act, RCW 19.86 et seq.

84.    Defendants have violated the CPA by engaging in an unfair or deceptive act or practice that occurs in trade or commerce, impacts the public interest, causes injury to Plaintiffs in their business or property, and the injury is causally linked to the unfair or deceptive act.

85.    Defendants violated the CPA by violating the MHLTA by charging higher rent to tenants who do not make their monthly rent payments through Defendants' online portal, as prohibited by RCW 59.20.134(1).

86.    Plaintiffs were injured as a result of Defendants' unfair and deceptive practices when they were charged, and paid, the higher, improper rent amount in at least two months in 2024.

87.    Under the Consumer Protection Act, Plaintiffs are entitled to actual

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 16

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

damages, treble damages, injunctive relief, attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF:
## QUIET TITLE TO PERSONAL PROPERTY UNDER RCW 7.28.310

88.   Plaintiffs incorporate by reference all prior paragraphs into this cause of action.

89.   The Mobile Home Purchase Agreement signed by the parties was a valid contract.

90.   Plaintiffs performed all conditions, covenants, and promises required under the Purchase Agreement.

91.   Plaintiffs are the true owners of the Mobile Home and maintain this suit to quiet their title to the Mobile Home against any and all adverse claims of title of interest in the property.

## VI.    PRAYER FOR RELIEF

Plaintiffs request that this court:

A.   Find that Defendants violated the False Claims Act and are liable to the United States of America;

B.   Assess a civil penalty against Defendants of not less than $13,946 and not more than $27,894 for each separate violation of the False Claims Act;

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 17

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

C.    Award the United States of America treble damages for the amount of damages it actually sustained as a result of the Defendants' violations of the False Claims Act;

D.    Award Plaintiffs the *qui tam* Plaintiffs' share of the proceeds or settlement pursuant to 31 U.S.C. § 3730(d);

E.    Award Plaintiffs damages for the money lost resulting from Defendants' violations of the Washington MHLTA and Plaintiffs' breach of the duty of good faith and fair dealing, as well as unjust enrichment;

F.    Award Plaintiffs actual and treble damages for Defendants' violations of the Washington Consumer Protection Act.

G.    Declaratory judgment that Plaintiffs' current rent is $460; that they are not behind on rent and in fact have a positive balance on their account; and confirming Plaintiffs' right to no longer receive erroneous, misleading, or illegal notices.

H.    Award Plaintiffs costs of this action under 31 U.S.C. § 3729(a)(3) of the False Claims Act, and attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d) of the False Claims Act;

I.    Award Plaintiffs costs and attorneys' fees pursuant to the rental agreement;

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 18

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)

J.    Declaratory relief confirming Plaintiffs' title to the Mobile Home against any and all adverse claims, removing all such adverse claims as clouds upon the title of Plaintiffs and quieting the title of Plaintiffs against any and all such adverse claims;

K.    Pre- and post-judgment interest as allowed by law; and

L.    Grant such other relief as the court deems proper.

Respectfully submitted, this ___1st___ day of April, 2025

Northwest Justice Project

_____

Jessica Schultz, WSBA #42540
157 S. Howard St., Suite 405
Spokane, WA 99201
Tel: (509) 324-9128
Email: jessica.schultz@nwjustice.org

By: /s/ Scott Crain
Scott Crain, WSBA#37224
401 Second Ave. S #407
Seattle, WA 98104
Tel. (206) 707-0900
Email: scottc@nwjustice.org
Attorneys for Relators-Plaintiffs

COMPLAINT FOR VIOLATIONS OF FALSE CLAIMS ACT,
RCW 59.20, AND CONSUMER PROTECTION ACT, BREACH
OF THE DUTY OF GOOD FAITH AND FAIR DEALING,
QUIET TITLE, UNJUST ENRICHMENT, AND FOR
DECLARATORY RELIEF - 19

**Northwest Justice Project**
157 S. Howard St., Suite 405
Spokane, WA 99201
(509) 324-9128
(206) 299-3185 (fax)